UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CATHY WILSON,

                *Plaintiff*,

– against –

NELNET, INC.; JAMES D. KRUGAR, *Chief Financial Officer*,

                *Defendants*.

**MEMORANDUM & ORDER**
23-CV-08305 (NCM) (LB)

---

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Cathy Wilson filed this action against Nelnet, Inc. and James D. Krugar, Chief Financial Officer, on November 6, 2023. Compl., ECF No. 1. The Court grants plaintiff's application to proceed *in forma pauperis* ("IFP"). Appl. to Proceed IFP, ECF No. 2. For the reasons stated below, the Court dismisses the complaint without prejudice and grants plaintiff leave to file an amended complaint within thirty (30) days.

## BACKGROUND

Plaintiff alleges that Nelnet "has continued to harass [her] regarding a student loan that has already been paid." Compl. at 6. Plaintiff also contends that the "alleged debt does not belong" to her and that, based on "192 House Joint Resolution[,] all debts are prepaid." Compl. at 6. Plaintiff seeks the return of "all securities," an award of $3 million for stress, and $500,000 for harassment along with "tender floating rate notes." Compl. at 7. Plaintiff references "Sec – 1934 Act" and "Sec – 1933 Act" as bases for this Court's jurisdiction, Compl. at 5, and lists an address in Nebraska for both defendants, Compl. at 1.

## DISCUSSION

A plaintiff's complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Rule 8 requires a "short and plain" factual statement so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotation marks and citation omitted). However, non-attorney *pro se* litigants are not expected to meet the standards for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If it is possible that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Because federal courts are limited in the subject matter of cases they can hear, Rule 8 also requires plaintiffs to assert the basis for the Court's jurisdiction. There are two types of federal subject-matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant resides in the same state as the plaintiff, *see* 28 U.S.C. § 1332. If the Court "determines it lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

Here, plaintiff alleges that this Court has federal question jurisdiction over the

2

action by way of the "Sec – 1934 Act" and "Sec – 1933 Act," which the Court construes as references to the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and/or the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* (together with the Securities Exchange Act of 1934, the "Securities Acts"). The Court therefore finds that it has subject matter jurisdiction over plaintiff's claims. *See* 28 U.S.C. § 1331.[1]

However, plaintiff does not provide facts sufficient to show that she is entitled to relief on her claims. The Securities Acts regulate the "initial offering" and "post-distribution purchases and trading" of securities "[i]n order to protect the integrity of the market and combat" market manipulation. *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 299 (S.D.N.Y. 2003) (citations omitted). In her complaint, plaintiff only alleges that Nelnet has "continued to harass" her regarding a "prepaid debt." Compl. at 6. Plaintiff does not explain how Nelnet has harassed her, why the debt is "prepaid," and why she believes Nelnet's alleged harassment constitutes a violation of the Securities Acts.[2] Furthermore, plaintiff does not provide any information tying individual defendant Krugar to her claims.

---

[1] In the alternative, the Court notes that plaintiff alleges damages in excess of $75,000 and diversity of citizenship appears to be satisfied, such that the Court likely also has diversity jurisdiction. *See* 28 U.S.C. § 1332.

[2] Plaintiff's complaint includes language linked to theories expounded by so-called sovereign citizens. "The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (summary order); *see also Tyson v. Clifford*, No. 18-CV-1600, 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) ("Adherents of such claims or defenses believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings. Federal courts across the country, however, have routinely refused to credit arguments based on a redemption, sovereign citizen, or other similar theory because the arguments are often frivolous, irrational, and unintelligible." (citations and internal quotation marks omitted)) (collecting cases).

Because plaintiff's complaint fails to provide "a short and plain statement of the claim showing that the [she] is entitled to relief," the Court must dismiss the complaint for failure to comply with Rule 8. *See* Fed. R. Civ. P. 8(a).

## CONCLUSION

For the reasons set forth above, the Court dismisses plaintiff's complaint without prejudice. The Court finds that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court grants plaintiff leave to file an amended complaint within thirty (30) days of this Order. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse. If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include the full docket number for the case.

If plaintiff does not file an amended complaint within thirty (30) days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the case. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

/s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated: April 29, 2024
Brooklyn, New York